[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to dismiss for lack of in personam jurisdiction the complaint of the plaintiff, Millie Cruz Garcia, who alleges that she was injured because of a defect in a machine manufactured, sold and installed by the defendant, Yakima Wire Works ("Yakima").
Yakima, a Washington corporation, claims that it lacks sufficient contacts with Connecticut to be required to answer plaintiff's claims in this forum. At oral argument, Yakima's counsel conceded that the requirements of Connecticut's long arm statute, 33-411 (c) C.G.S., are met. Yakima moves to dismiss solely on constitutional due process grounds, invoking International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.
In an affidavit received by the court without objection, Yakima's president, Gary Germunson, asserts that the only sale Yakima ever made to a Connecticut buyer was the sale of the machine at issue in this case, which he states Yakima sold to plaintiff's employer, Lenders Bagel Bakery of West Haven, on October 3, 1989. Mr. Germunson states in his affidavit that employees or agents of Yakima were in Connecticut from June 9-14, 1990, and on October 25 and October 26, 1990, to assist with the installation of the bagel bagging machine and to discuss modification of the machine Yakima had sold to Lenders Bagel Bakery of West Haven.
The plaintiff claims to have been injured by the very machine sold and installed by the defendant at the West Haven business CT Page 10960 location of the buyer, her employer.
The task of this court is to determine whether Yakima has sufficient contacts with the State of Connecticut that requiring it to defend a claim in the courts of this state would not deprive it of due process of law. See World-Wide Volkswagen Corp. v. Woodson,744 U.S. 286, 291 (1980). The contacts must be of such a nature that `the traditional notions of fair play and substantial justice' are not offended by requiring Yakima to defend this case in this forum. In re Connecticut Asbestos Litigation, 677 F. Sup. 70, 73
(D. Conn. 1986), quoting International Shoe Co. v. Washington, supra, 316, and Milliken v. Meyer, 311 U.S. 457, 463 (1940).
Where a party sells a piece of machinery to a Connecticut buyer and visits Connecticut to install it and work on the issue of modifying it for use by workers in Connecticut, the defendant's connection with Connecticut is such that it should reasonably anticipate being haled into court here in connection with claimed deficiencies of the machine. Though the sale may have been Yakima's sole sale in Connecticut, it was a purposeful transaction and not the chance outcome of a transaction by which the defendant put its goods into the stream of commerce elsewhere, with only a mere possibility that they would reach Connecticut. World-Wide Volkswagen, supra, at 297.
By selling a machine to a Connecticut company and installing it, defendant Yakima "purposefully avail[ed] itself of the privilege of conducting activities within [Connecticut]" Hanson v. Denckla, 357 U.S. 235, 253 (1958), and the court finds that subjecting it to the jurisdiction of this state's courts for adjudication of the plaintiff's claim does not violate traditional standards of fairness nor Yakima's right to due process of law.
The motion to dismiss is denied.
Beverly J. Hodgson, Judge CT Page 10961